

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

MATTERN & ASSOCIATES, LLC,                :
                                          :
     Plaintiff,                             :
                                          :   CIVIL ACTION NO.:        0 6      0 3 6
     vs.                                    :
                                          :
JOHN SEIDEL,                              :   **NOTICE OF REMOVAL OF CIVIL**
                                          :   **ACTION**
     Defendant.                             :
                                          :
                                          :
                                          :
                                          :

**PLEASE TAKE NOTICE** that the removing party, John Seidel ("Seidel"), residing at

1208B Harwood Court, Mount Laurel, New Jersey, by and through his attorney, Paul Wernle,

Jr., hereby files this Notice of Removal of Civil Action, to remove an action filed in state court

by plaintiff, Mattern & Associates, LLC ("Mattern"), a Pennsylvania LLC with an office at 2036

Foulk Road, Wilmington, New Castle County, Delaware 19810, and respectfully shows this

Court:

1.  The removing party is a defendant in this action.

2.  On December 30, 2005, defendant received via registered mail a copy of a summons and

    complaint in a matter purportedly filed in New Castle County Chancery Court in

    Delaware. Although the summons contains a docket number 1850-N, none of the papers

    are stamped "filed" by the court. (Exhibit A)

3.  There have been no further proceedings in the Chancery Court of Delaware, New Castle

    County.

4. In its complaint, Mattern alleges that Seidel is liable to it for damages in excess of $172,091.59. (Paragraph 42 of complaint; paragraph 4 of the complaint's *ad damnum* clause)

5. In his complaint, Mattern further alleges and thereby acknowledges that the plaintiff is a citizen of Pennsylvania (and, perhaps, Delaware), and that defendant is a citizen of New Jersey.

6. Based upon the foregoing allegations, Crews' civil cause of action is based, in part, upon a claim or right arising under the laws of the United States, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, as there is complete diversity in party citizenship, and damages in excess of $75,000 are sought by the plaintiff.

7. This Notice of Removal of Civil Action is filed with this Court within 30 days after service of the underlying complaint upon the removing party.

8. In filing this Notice of Removal of Civil Action, and all steps incident thereto, the removing party reserves its rights to present and rely upon all defenses to which it may be entitled, procedural and substantive.

**WHEREFORE**, the removing party respectfully requests that this matter be removed to this Court from the Chancery Court of Delaware, New Castle County.

By: Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342

2



# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

MATTERN & ASSOCIATES, LLC,         :
                                 :

           Plaintiff,       :                              0 6       0 3 6

                                 :   CIVIL ACTION NO.:

  vs.                              :

JOHN SEIDEL,                      :    **CERTIFICATE OF SERVICE**

                                 :

           Defendant.     :

                                 :

                                 :

                                 :

FILED

JAN 1 8 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

      I, Paul A. Wernle, Jr. , an attorney at law admitted to practice before this Court,

hereby certify that on the date below, I caused to be mailed in a prepaid postage envelope

by regular United States mail a copy of the Notice of Removal in this action, addressed to

the following:

**George H. Seitz, III, Esq.**
**Seitz, Van Ogtrop & Green, P.A.**
**222 Delaware Avenue, Suite 1500**
**P. O. Box 68**
**Wilmington, DE  19899**

**Clerk of the Court**
**New Castle County Courthouse**
**500 North King Street**
**Suite 1551**
**Wilmington, DE 19801**

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of them are willfully false, I am subject to punishment.

1

By: Paul A. Wernle, Jr., Esq.
Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342
Attorney for Defendant

Dated: 1/17/06

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

0 6   0 3 6

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mattern & Associates, LLC

## DEFENDANTS

John Seidel

**(b)** County of Residence of First Listed Plaintiff   New Castle, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Burlington County, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
George H. Seitz, III, Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899

Attorneys (If Known)
Paul A. Wernle, Jr., Esq.
92 Reads Way
Suite 106
New Castle, DE 19720-1631

JAN 1 8 2006

U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for
(For Diversity Cases Only)   Plaintiff and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Trucks | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle | Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | Defendant) | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Plaintiff, a Pennsylvania LLC with an office in Delaware, alleges violation of the terms of an LLC agreement and seeks damages in excess of $170,000 from defendant, an individual citizen of New Jersey.  Jurisdiction is founded upon 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND** $170,000 +
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY   (See instructions)

JUDGE                          DOCKET NUMBER

DATE  1/17/06
SIGNATURE OF ATTORNEY OF RECORD
, Paul A. Wernle, Jr., Esq.

FOR OFFICE USE ONLY

## SEITZ, VAN OGTROP & GREEN, P.A.

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

Writer's Direct Dial: 302-888-7602
Writer's E-Mail: gseitz@svglaw.com
www.lawyers.com/svglaw

BERNARD A. VAN OGTROP
GEORGE H. SEITZ III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

(302) 888-0600
FAX: (302) 888-0606

December 22, 2005

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

*Rec'd*
*12/30/05*

Mr. John Seidel
803 August Circle
Mount Laurel, NJ  08054

> Re:  *Mattern & Associates, LLC v. John Seidel*
> *C.A. No.: 1850-N*

Dear Mr. Seidel:

This letter constitutes notice under 10 Del. C. §3104 that a suit has been instituted against you in the Court of Chancery of the State of Delaware in and for New Castle County.  Please be advised that the original process and Complaint have been served upon the Secretary of State for the State of Delaware and that, under the provisions of 10 Del. C. §3104, such service is as effective for all intents and purposes as if made upon you personally within the State of Delaware.

Please find enclosed a copy of the process and return showing service upon the Secretary of State, pursuant to the above statute.  Also enclosed is a copy of the Complaint so served, which explains the basis of the lawsuit instituted against you.  I would suggest that these papers be delivered immediately to your attorney.

Very truly yours,

GEORGE H. SEITZ, III

GHS/drc
Enc.

51545 v1





# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

MATTERN & ASSOCIATES, LLC          }          CA #:  1850-N

       Plaintiff(s)          }          SUMMONS
          V

JOHN SEIDEL
       Defendant(s)

THE STATE OF DELAWARE
TO:   SPECIAL PROCESS SERVER

## YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon George H. Seitz, III, Esq., Plaintiff's attorney whose address is P.O. Box 68, Wilmington, DE 19899 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated December 20, 2005

_____
Register in Chancery

Case # <u>1850-N</u>

## MATTERN & ASSOCIATES, LLC

Plaintiff(s)
V
JOHN SEIDEL
Defendant(s)

## SUMMONS

Please effectuate service upon:

John Seidel

By Special Process Server upon the Secretary of State pursuant to 10 <u>Del. C.</u> sec. 3104

Plaintiff's Attorney: <u>George H. Seitz, III, Esq.</u>

# *RETURN OF SERVICE*

**CASE NO:**        1850-N

**SERVED:**        JOHN SEIDEL

**DOCUMENT:**        SUMMONS & COMPLAINT

**ADDRESS:**        C/O THE DELAWARE SECRETARY OF STATE DOVER, DE

**DATE:**        12/21/05

## MANNER OF SERVICE

☒    **PERSONAL:**        ACCEPTED BY:    RHONDA COOMER

☐    **SUBSTITUTE:**

☐    **NO SERVICE:**

GRANVILLE MORRIS

BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360
WILMINGTON DE 19899
302-475-2600

SWORN TO BEFORE ME ON    12/21/05

NOTARY PUBLIC

*KEVIN DUNN*
*NOTARY PUBLIC*
*STATE OF DELAWARE*
*MY COMMISSION EXPIRES NOV. 23, 2006*

## SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)
## OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or bind upon any party.

1. Caption of Case:

   Mattern & Associates, LLC v. John Seidel

2. Date filed:

   12/16/05

3. Name and address of counsel for Plaintiff:

   George H. Seitz, III, Esquire
   Seitz, Van Ogtrop & Green, P.A.
   222 Delaware Avenue, Suite 1500
   P. O. Box 68
   Wilmington, DE 19899

4. Short statement and nature of claim asserted:

   This is an action, *inter alia,* to enforce a Limited Liability Company Agreement (the "Agreement") and, in particular, a non-competition provision of the Agreement. Defendant John Seidel has breached the Agreement, has breached his fiduciary duties of good faith, loyalty, and fair dealing, and Seidel's actions demand specific enforcement.

5. Substantive field of law involved (check one):

   |          | Administrative Law    |          | Trade secrets/trademark/or other |
   |----------|-----------------------|----------|----------------------------------|
   |          | Commercial Law        |          | intellectual property            |
   |          | Constitutional Law    |          | Trusts                           |
   | __X__    | Corporation Law       |          | Wills and estates                |
   |          | Guardianships         |          | Zoning                           |
   |          | Labor Law             |          | Other                            |
   |          | Real Property         |          |                                  |

6. Related case(s): N/A

7. Basis of court's jurisdiction (including citation of any statute conferring jurisdiction):

   Complaint seeks injunctive relief, 10 Del. C. § 341

8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought:

9. If the complaint seeks summary or expedited proceedings, check here

   /s/ George H. Seitz, III
   Signature of Attorney of Record
   George H. Seitz, III, Esquire (DE667)

17353 v2

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MATTERN & ASSOCIATES, LLC,            )
                                      )
          Plaintiff,                  )        C.A. No. 1850-N
                                      )
              v.                      )
                                      )
JOHN SEIDEL,                          )
                                      )
          Respondent/Defendant.       )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff Mattern & Associates, LLC, hereby moves, through its undersigned attorney, for

an Order pursuant to Chancery Court Rule 4 appointing Brandywine Process Servers, Ltd. as

special process server to serve the Complaint and Summons on the Defendant as follows. The

basis for this Motion is the need to expedite service on the Secretary of State of the State of

Delaware pursuant to 10 Del. C. § 3104.

John Seidel
803 August Circle
Mount Laurel, NJ 08054
c/o Secretary of State
John G. Townsend Building
401 Federal Street, Suite 4
Dover, DE 19901
*Pursuant to 10 Del. C. §3104*

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ George H. Seitz, III

GEORGE H. SEITZ, III (#667)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19801
(302) 888-0600
Dated: December 19, 2005                        Attorneys for Plaintiff

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MATTERN & ASSOCIATES, LLC,      )
                                     )
      Plaintiff,               )     C.A. No. _____
                                     )
           v.                  )
                                     )
JOHN SEIDEL,                 )
                                   )
      Respondent/Defendant     )

## ORDER APPOINTING SPECIAL PROCESS SERVER

This ___ day of December, 2005, upon Motion of Plaintiff Mattern & Associates, LLC, it appearing that the appointment of special process server pursuant to Chancery Court Rule 4 is warranted in this action;

It is **ORDERED** that *Brandywine Process Servers, Ltd.* is hereby appointed special process server for the purpose of serving Plaintiff's Summons and Complaint upon Defendant as follows:

John Seidel
803 August Circle
Mount Laurel, NJ  08054
c/o Secretary of State
John G  Townsend Building
401 Federal Street, Suite 4
Dover, DE  19901
*Pursuant to 10 Del. C  §3104*

_____
Vice Chancellor

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MATTERN & ASSOCIATES, LLC        )
                                 )
        Plaintiff,               )        C.A. No.
                                 )
            v.                   )
                                 )
JOHN SEIDEL,                     )
                                 )
        Respondent/Defendant.    )

### VERIFIED COMPLAINT

1.     This is an action, *inter alia,* to enforce a Limited Liability Company Agreement (the "Agreement") and, in particular, a non-competition provision of the Agreement. A true and correct copy of the relevant portions of the Agreement is attached hereto as "Exhibit A" As set forth below, Defendant John Seidel has breached the Agreement, has breached his fiduciary duties of good faith, loyalty, and fair dealing, and Seidel's actions demand specific enforcement.

### Parties

2.     Plaintiff Mattern & Associates, LLC ("M&A") is a Pennsylvania limited liability corporation having its principal place of business at 2036 Foulk Road, Wilmington, New Castle County, Delaware 19810.

3.     John Seidel ("Seidel") was last known to be a resident of the State of New Jersey residing at 803 Augusta Circle, Mount Laurel, Burlington County, New Jersey 08054. Seidel may be served by serving the Secretary of State pursuant to 10 Del. C. § 3104.

## BACKGROUND FACTS

Seidel's Employment with M&A

4.    Beginning on June 1, 2001, and continuing until April 11, 2005, Seidel was employed by M&A as an independent contractor and/ or an employee.

5.    Seidel became Vice President of Business Development and during his employment was entrusted with M&A's confidential information, customized techniques, and trade secrets, as well as the names and addresses of M&A's customers.

6.    On July 1, 2003, Seidel became a member of M&A and signed and accepted the terms of the Operating Agreement with M&A.  Under the terms of the Operating Agreement, Seidel agreed:

a)  to maintain privacy regarding M&A's trade secrets and all other classified information, including but not limited to: databases, customer lists, Request for Proposals, Request for Proposal templates, workflow analysis, benchmarking data, on-site questionnaires for gathering information, guides for analyzing mail, copy, fax, records operations, cost recovery systems, and the "Mattern Method®";

b)  not to solicit business or act as an employee of a competitor of M&A operating within 100 miles of M&A's principal place of business, for a period of twenty-four (24) months after terminating employment with M&A;

c)  not to disclose any of M&A's confidential information to a "person, firm, corporation, association, limited liability company, joint venture, or other judicial entity" without first obtaining M&A's prior written consent; and,

d)  to pay M&A $150,000 in the event he breached the non-competition

provision.

7.    As an employee and shareholder of M&A, Seidel owed fiduciary duties to M&A, including an obligation to maintain confidentiality of all M&A Property.

Seidel's Competitive Conduct

8.    Beginning on or about December of 2004 and continuing up to the time of his resignation, Seidel engaged in a course of conduct designed to misappropriate M&A's assets in violation of the Agreement.

9.    On February 16, 2005 and thereafter, Seidel engaged in a course of conduct designed to seek employment with competitors of M&A. Seidel sent and received various "E-mail" correspondences using the M&A computer system to seek employment with M&A's competitors. These e-mails included messages to Huron Consulting Group, a direct competitor of M&A, seeking employment and offering to provide the same services M&A provides to current and prospective clients. The e-mails are attached hereto as "Exhibit B".

10.    From February 16, 2005 to April 11, 2005, Seidel exchanged twelve (12) e-mails with Christopher Petrini-Poli ("Poli") regarding a position with Huron Consulting Group in furtherance of his scheme to seek employment in direct competition with M&A in violation of the Agreement

11.    Seidel's plan to compete with M&A, in violation of his Agreement, is reflected in an April 11, 2005 e-mail from Poli, stating that "our legal has indicated that it's a pretty stringent agreement The[y] only solution would be for you to obtain a waiver from [M]attern on these issues. I wanted to get your thoughts on this before we proceeded any further. I don't want to compromise your current situation."

12.    Seidel, during this period, also exchanged emails with Kevin Kennedy of Pitney Bowes Management Services, another direct competitor of M&A, seeking employment.

13.    Seidel traveled to Stamford, Connecticut for an interview with Pitney Bowes Management Services on March 23, 2005 and charged M&A $235.00 for the cost of his expenses under the false pretense that he was meeting with a potential client

## Seidel's Misuse of M&A Funds & Resignation

14.    During this same period, Seidel's job performance at M&A continued on a downward spiral and he failed to meet company goals. On April 8, 2005, Robert Mattern, Manager of M&A, confronted Seidel about his poor job performance and continuous use of the Company credit card to pay for, or reimburse himself for the cost of, personal expenses.

15.    Seidel responded by mentioning his intent to resign from M&A.

16.    On April 11, 2005, Seidel advised Mattern that he was resigning.

17.    Prior to Seidel's resignation, he agreed to reimburse M&A for personal expenses he charged to the Company and delivered a personal check in the amount of $1,748.78 to cover this expense. The bank returned the check to M&A due to insufficient funds. Seidel has never reimbursed M&A for personal expenses charged to the firm's credit card.

18.    As a result of his resignation, Seidel also owes M&A for the net liability due to M&A to the extent his monthly draws and health insurance costs exceeded his actual commissions earned. These amounts are $8,188.18 from 2004 and $11,919.63 from 2005

19.    Seidel has failed to surrender his Ownership Units as required under the terms of the Agreement upon resignation from M&A

20.    Despite repeated requests, Seidel has refused to reimburse M&A for these expenses or to return his Ownership Units

Seidel's Continued Competition

21.    Seidel continued to act in breach of the Agreement by accepting employment with Konica Minolta Business Solutions U.S.A., Inc., a competitor of M&A, located at 300 Stevens Drive, Philadelphia, Pennsylvania, and the facility is within a 100 mile radius of M&A's Wilmington, Delaware office

22.    As more specifically stated in the Affidavit ("Exhibit C") under "The M&A Business" heading, M&A is in the field of support services consulting, document management, and cost recovery analysis primarily focused on law firms and other companies. Konica Minolta Business Solutions U.S.A., Inc. is in direct competition with M&A's business.

23    In October of 2005, while working for Konica Minolta Business Solutions U.S.A., Inc., Seidel solicited one of M&A's current clients for business and offered them $50 if they would listen to his company's sales pitch.

24.    Seidel, as former Vice President of Business Development for M&A, has valuable insider knowledge about M&A's business and its customers.

25    On four separate occasions M&A, through its counsel, wrote to Seidel and/or his attorney demanding he cease and desist from any activities in violation of the Agreement, reimburse M&A for monies received in violation of the Agreement, and requesting the return of all M&A property, including but not limited to: trade secrets, databases, customer lists, Request for Proposals, Request for Proposal templates, workflow analysis, benchmarking data, on-site questionnaires for gathering information, guides for analyzing mail, copy, fax, records operations, cost recovery systems, and the "Mattern Method®", taken in violation of the LLC Agreement. The correspondences are attached hereto as "Exhibit D".

26.    Although Seidel, through counsel, admitted to possessing the back-up copy of Seidel's laptop's hard drive and promised to return it to M&A, along with written confirmation that Seidel has not retained any copies of it nor is he in possession of any other confidential or proprietary information belonging to M&A, M&A has yet to receive either of these documents

27.    To date, Seidel has refused to comply with these requests.

28.    Seidel's activities in breach of the Agreement, as set forth herein, have caused and will continue to cause irreparable injury to M&A unless Seidel is enjoined.

29.    M&A has no adequate remedy at law, as previously agreed to by Seidel at the time of the Agreement.

### Count I

### Breach of Contract - Injunctive Relief

30    Plaintiff repeats the allegations in paragraphs 1 through 29 above.

31.    Under the terms of the M&A Operating Agreement, Seidel agreed that a Member's material or immaterial breach will cause irreparable harm to M&A, rendering monetary damages alone insufficient, and thereby affording the non-breaching party with various remedies under the Agreement, including: compensatory damages, punitive damages, specific performance, and injunctive relief.   [Exhibit A §5 9(g)(1)]

32.    Defendant's refusal to abide by the non-competition provision with M&A, as set forth in the Agreement, is a breach of the contract between the parties.   As a result of Defendant's breach, Plaintiff will suffer irreparable harm.

33.    There is reason to believe that Defendant is in possession of, or continues to use, privileged information belonging to M&A, including but not limited to: trade secrets, databases, customer lists, Request for Proposals, Request for Proposal templates, workflow analysis,

benchmarking data, on-site questionnaires for gathering information, guides for analyzing mail, copy, fax, records operations, cost recovery systems, and the "Mattern Method®", all in violation of the LLC Agreement Defendant signed with M&A.

34.    As a result of Defendant's breach, Plaintiff will be damaged and will lose economic and business opportunities within its area of competition.

35.    As more specifically set forth above, Plaintiff's ability to maintain, solicit, and sell its copyrightable material presents a unique business opportunity from which the Plaintiff expects to derive benefits.

36.    As a result of Defendant's failure to comply with the terms of the contract, the Plaintiff has been irreparably harmed.

37.    Plaintiff is entitled to injunctive relief requiring the Defendant to stop competing within a 100 mile radius of M&A for the remainder of the two years as set out in the Agreement, to return all confidential and proprietary information to M&A, to refrain from the distribution of and/or use of M&A's trade secrets, to disclose any confidential and proprietary information, and to release and identify any individuals or entities to whom Seidel distributed such information.

### Count II

### Breach of Contract - Damages

38.    Plaintiff repeats the allegations in paragraphs 1 through 37 above.

39.    Defendant has breached the Agreement by soliciting competitors of M&A for employment opportunities.

40.    Defendant has breached the Agreement by using M&A's credit card to pay for expenses incurred in seeking employment with M&A's competitors and also to pay for personal expenses, and in failing to reimburse M&A for these charges. Seidel is also in breach of the

Agreement for failing to reimburse M&A for these charges and overpayments of his monthly draws and health insurance costs from 2004 and 2005.

41.    Defendant has breached the Agreement by performing or assisting in the rendering of professional consulting services in competition with M&A within the geographic and time periods during which such activities are prohibited, in violation of Sections 5.9(d) and 5.9(e) of the Agreement.

42.    As a result of these breaches, M&A has been harmed and is entitled to recover damages not less than $172, 091.59. As a result of Seidel's continued competitive conduct and use of M&A's proprietary information, all in violation of the Agreement, M&A is further threatened with additional damages consisting of lost profits resulting from the loss of existing and potential clients.

## Count III

### Breach of Fiduciary Duties

43.    Plaintiff repeats the allegations in paragraphs 1 through 42 above.

44.    As an employee, officer, and member of M&A, Seidel owed M&A a duty of good faith, loyalty, and fair dealing.

45.    Seidel breached his fiduciary duties of good faith, loyalty, and fair dealing owed to M&A by engaging in a course of conduct designed to divert M&A's assets, to compete directly with M&A, and to damage its relationship with existing and potential clients.

46.    As a result of Seidel's breach of his fiduciary duties, M&A has been harmed and is entitled to damages representing economic harm caused to M&A's business interests.

**WHEREFORE**, Mattern & Associates, LLC prays that this Court:

1)  Permanently enjoin Defendant John Seidel from owning, engaging in, or being associated with, either as a partner, member, stockholder, employee, subcontractor agent or otherwise, any business which competes with and operates within a 100 mile radius of Wilmington, Delaware for a period of two (2) years from April 11, 2005;

2)  Order Defendant to return to M&A all Ownership Units, any trade secrets, databases, customer lists, Request for Proposals, Request for Proposal templates, workflow analysis, benchmarking data, on-site questionnaires for gathering information, guides for analyzing mail, copy, fax, records operations, cost recovery systems, the back-up copy of the laptop's hard drive, and the "Mattern Method®" taken in violation of the Agreement;

3)  Order Defendant to account for all fees and income obtained by him or anyone working in concert with him in violation of the Agreement;

4)  Award Plaintiff damages in an amount of not less than $170,000 plus such sum that will be proved at trial representing the actual loss caused by Defendant's wrongful conduct and breach of the Agreement;

5)  Award Plaintiff its costs and expenses incurred in this action, including reasonable attorneys' fees; and,

6)   Award Plaintiff such other and further relief as the Court deems equitable under

the circumstances.

SEITZ, VAN OGTROP & GREEN, P.A.

GEORGE H. SEITZ, III, ESQ. (No.667)
222 Delaware Avenue, Suite 1500
Wilmington, DE  19899
(302) 888-0600
**Attorneys for Plaintiff**

Dated:  December 16, 2005

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 06 CV 36 _____

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____1/20/06_____
(Date forms issued)

_____Robert Testa_____
(Signature of Party or their Representative)

_____Robert Testa_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action