

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC, | : |
|       Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: 1:06-CV-36 KAJ |
| JOHN SEIDEL, | : **OPENING BRIEF IN SUPPORT OF** |
|       Defendant. | : **MOTION TO TRANSFER VENUE** |

Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342
Attorney for Defendant

i

611976

## TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ........................................ 1

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 1

LEGAL ARGUMENT .............................................................................................................. 2

      POINT I      THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT COURT OF PENNSYLVANIA OR THE DISTRICT COURT OF NEW JERSEY ........................................... 2

CONCLUSION .......................................................................................................................... 6

i

611976

# TABLE OF CITATIONS

## CASES

BBDova, LLC v. Auto. Techs., Inc., 358 F. Supp. 2d 387 (D. Del. 2005) .................................. 2, 3

Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir. 1983) ...................... 3

Jumara v. State Farm Ins. Co., 55 F.3d 873
   (3d Cir. 1995) ............................................................................................................................ 4

Lauro Lines v. Chasser, 490 U.S. 495, 104 L.Ed. 2d 548, 109 S.Ct. 1976 (1989) ......................... 3

M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 32 L.Ed. 2d 513,
   92 S.Ct. 1907 (1972) ................................................................................................................. 2

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 70 L.Ed. 2d 419, 102 S.Ct. 252 (1981) ..................... 3

Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 97 L. Ed. 1331, 73 S.Ct. 900 (1953) ............... 2

Thorlabs, Inc. v. Townsend Communs., L.L.C., 2004 U.S. Dist. LEXIS 14200,
   10, n.3 (D.N.J. 2004) ................................................................................................................. 4

Van Cauwenberghe v. Biard, 486 U.S. 517, 100 L.Ed. 2d 517, 108 S.Ct. 1945 (1988) ............... 3

Van Dusen v. Barrack, 376 U.S. 612, 11 L.Ed. 2d 945, 84 S.Ct. 805 (1964) ................................ 3

## STATUTES

1404(a) ............................................................................................................................................ 3

28 U.S.C. § 1332 ............................................................................................................................ 1

28 U.S.C. § 1391 ........................................................................................................................ 2, 5

28 U.S.C. § 1404(a) .................................................................................................................... 2, 3

28 U.S.C. § 1441 ............................................................................................................................ 1

611976

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

This is an action by plaintiff, an LLC, to enforce the terms of an LLC agreement against defendant, a Member and former employee of the LLC, seeking injunctive relief and damages.

## SUMMARY OF ARGUMENT

Defendant moves to transfer this action to the Eastern District of Pennsylvania on the basis of the applicable law and consent to jurisdiction clause in the LLC. In the alternative, defendant moves to transfer to the Eastern District of Pennsylvania or the District of New Jersey in the interests of justice and of convenience to the parties and the witnesses.

## STATEMENT OF FACTS

On December 16, 2005, plaintiff, Mattern Associates ("Mattern") filed a complaint in the Chancery Court of Delaware, "to enforce a Limited Liability Company Agreement (the 'Agreement') and, in particular, a non-competition provision of the Agreement." (D.I. 1, Notice of Removal with Attached Complaint) Mattern further alleges, among other things, that defendant John Seidel ("Seidel") is liable to it for damages in excess of $172,091.59. Id. Mattern further alleged that it is a citizen of Pennsylvania (and, perhaps, Delaware), and that defendant is a citizen of New Jersey. Id. Based upon the foregoing allegations, Seidel removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, as there is complete diversity in party citizenship, and damages in excess of $75,000 are sought by the plaintiff. Seidel now moves for a transfer of venue. Id.

Attached to Mattern's complaint is a portion of the Agreement. Id. Notably absent from Mattern's attachment are Sections 15.5 (Governing Law) and 15.13 (Jurisdiction, Expedited Proceedings Election, Specific Performance) (attached hereto as Exhibit A), which respectively provide that:

1

611976

>This Agreement has been executed in and shall be construed and enforced in accordance with, and governed by, the laws of the Commonwealth of Pennsylvania. (15.5)
>
>Each Member and Manager hereby consents to the jurisdiction of the Courts of the Commonwealth of Pennsylvania as to all matters relating to the enforcement, interpretation, or validity of this Agreement, and if such Member or Manager is a non-resident of the Commonwealth of Pennsylvania, appoints the Secretary of State of the Commonwealth of Pennsylvania as such Member's agent for service of process. (15.13)

## LEGAL ARGUMENT

**POINT I.   THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT COURT OF PENNSYLVANIA OR THE DISTRICT COURT OF NEW JERSEY**

The statute governing change of venue motions in cases removed from state court provides that "(f)or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] "Before engaging in a transfer analysis, however, an examination of the forum selection clause in the contract signed by the parties is necessary." BBDova, LLC v. Auto. Techs., Inc., 358 F. Supp. 2d 387, 390 (D. Del. 2005) A party can resist imposition of a forum selection clause only if it can demonstrate that the contract resulted from fraud or undue influence, or that "enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 32 L.Ed. 2d 513, 92 S.Ct. 1907 (1972). "A forum selection clause is presumptively valid and will be enforced ...unless the party objecting to its enforcement establishes (1) that it is the result of fraud or over-reaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in

---

[1] The general venue statute, 28 U.S.C. § 1391, does not apply to cases removed from state court. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 97 L. Ed. 1331, 73 S.Ct. 900 (1953).

2

611976

particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by* Lauro Lines v. Chasser, 490 U.S. 495, 104 L.Ed. 2d 548, 109 S.Ct. 1976 (1989).

In BBDova, this Court readily transferred the underlying action (which itself had been removed from Delaware state court) to the District Court of Connecticut, as required by the underlying consent to jurisdiction clause in that case. Here, the parties have agreed to litigate in the Courts of the Commonwealth of Pennsylvania "all matters relating to the enforcement, interpretation, or validity of (the) Agreement." If Mattern had complied with its contractual obligation and filed this action in the Court of Common Pleas in Pennsylvania, it would have been properly removed to the Eastern District of the District Court of Pennsylvania for the same reasons it was properly removed to this Court. Therefore, the matter should be transferred to the Eastern District Court of Pennsylvania in compliance with the parties' contractual agreement.

If the Court concludes that the consent to jurisdiction clause in the LLC is inapplicable or unenforceable, it should still transfer this matter to the Eastern District Court of Pennsylvania or the District Court of New Jersey pursuant to 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent the waste of "time, energy, and money" and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 11 L.Ed. 2d 945, 84 S.Ct. 805 (1964). The moving party bears the burden of establishing that transfer is warranted and must submit "adequate data of record" to facilitate the Court's analysis. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248, 70 L.Ed. 2d 419, 102 S.Ct. 252 (1981). Analysis of whether transfer is appropriate does not necessarily require extensive investigation. Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 100 L.Ed. 2d 517, 108 S.Ct. 1945 (1988). The

3

611976

moving party must demonstrate that the proposed alternative forum is not only adequate, but also more convenient than the present forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Close proximity of the alternative fora does not preclude analysis of the issue. Jumara, at 880 (ordering transfer from Eastern District of Pennsylvania to Middle District of Pennsylvania).

In this Circuit, the relevant factors district courts should consider are: the private interests of the litigants and the public interests in fair, efficient administration of justice. Jumara, 55 F.3d at 879. The private interest factors include: (1) plaintiff's forum choice; (2) defendant's forum preference; (3) whether the claim arose in another forum; (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) the location of any books or records (similarly limited to the extent that such files could not be produced in the alternative forum). Id.

The public interests include: (1) judgment enforceability; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) court congestion in each district; (4) local interest in deciding local controversies at home; (5) the relevant public policies of each forum; and (6) in diversity cases, the district judge's familiarity with the applicable state law. Jumara, 55 F.3d at 879-80. Notably, even "(w)ithin this framework, great weight is placed on valid forum-selection clauses." Thorlabs, Inc. v. Townsend Communs., L.L.C., 2004 U.S. Dist. LEXIS 14200, 10, n.3 (D.N.J. 2004).

**Private Factors**

Applying the private factors to this matter requires transfer of the matter. First, plaintiff's forum choice should be given little to no weight, as it is in direct contradiction of the consent to

4

611976

jurisdiction clause of the Agreement. Indeed, plaintiff's failure to attach that portion of the Agreement to its complaint calls into question plaintiff's good faith in filing this matter in Delaware in the first place. Second, and in contrast, defendant is requesting that venue be placed either according to the contract in the Eastern District of Pennsylvania, or in New Jersey, where defendant resides. In this latter respect, it is noteworthy that the general venue statute--although inapplicable in this removal case--favors filing the action in "a judicial district where any defendant resides..." 28 U.S.C. § 1391. Third, the essence of the claim "arose in another forum." According to plaintiff's complaint, Seidel allegedly breached the contract by communicating with alleged competitors of plaintiff located in New York, New York (Huron) and Stamford, Connecticut (Pitney Bowes); and by accepting employment with an alleged competitor located in Philadelphia, Pennsylvania (Konica Minolta).

Fourth, the convenience of the parties as indicated by their relative physical and financial condition further tips in favor of Seidel. Mr. Seidel's financial condition is precarious, and he has only been able to locate counsel willing to represent him in this matter on a contingent fee basis in New Jersey or Pennsylvania, in the person of Robert Hagerty. (Certification of John Seidel, attached) Even if Mr. Hagerty were to be admitted to this court *pro hac vice*, Mr. Seidel will have to pay local counsel on an hourly basis, which he simply can not afford to do.

Fifth, the convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in Delaware, weighs in favor of defendant. Although the Stamford, Connecticut witness(es) are not subject to subpoena in any of the three Courts, the New York City witness(es) are subject to subpoena only in Philadelphia or Camden. The location of books and records is equal for both sides.

5

**Public Factors**

Of the public factors, the two weighing in favor of defendant are "practical considerations that could make the trial easy, expeditious, or inexpensive" and, in this diversity case, the district judge's familiarity with the applicable state law. As noted above, the expense for defendant is greater if the matter remains in Delaware as opposed to being transferred to the Eastern District of Pennsylvania or to the District of New Jersey. In addition, the Agreement provides that it is governed by Pennsylvania law, which militates in favor of transfer to the Eastern District of Pennsylvania. Moreover, defendant intends to file a counterclaim under the Agreement, militating further in favor of transfer to the Eastern District of Pennsylvania. (Certification of John Seidel, attached)

## CONCLUSION

For all of the foregoing reasons, defendant respectfully requests that the Court enter an order transferring this matter to the Eastern District of Pennsylvania or to the District of New Jersey.

By: Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342

6

611976



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: 1:06-CV-36 KAJ |
| JOHN SEIDEL, | : CERTIFICATION OF JOHN SEIDEL IN SUPPORT OF MOTION TO TRANSFER VENUE |
| Defendant. | : |

John Seidel, of full age, certifies as follows:

1. I am the defendant in this matter.

2. The two pages attached to the brief as Exhibit A are true and accurate copies of the pages of the Limited Liability Company Agreement referenced in the brief.

3. I have read plaintiff's complaint in this matter.

4. I deny that I have breached the Limited Liability Company Agreement in any way.

5. I deny that I possess or have used any confidential or proprietary information belonging to plaintiff.

1

6. I deny that I resigned my employment with plaintiff. I was fired by Robert Mattern.

7. Plaintiff owes me commission payments in excess of $75,000.

8. Plaintiff is required to buy back my shares in the LLC.

9. Consistent with the advice of counsel, I intend to file a counterclaim against plaintiff once this matter is venued in the proper court.

10. Since I was fired by plaintiff, my financial condition has deteriorated significantly, and I am presently heavily in debt.

11. I can not afford to pay an attorney to represent me on an hourly rate basis, nor could I afford the retainer requested by my prior attorney to represent me on a contingent fee basis. My current attorney, Robert Hagerty, has agreed to represent me on a contingent fee basis.

I certify under penalty of perjury that the foregoing is true and correct. Executed on the 1st day of February, 2006.

_____
John Seidel

2

this Agreement, such language shall be deemed never to have appeared herein and no other implication shall be drawn therefrom

    15.4    Severability. If any covenant, condition, term, or provision of this Agreement is found to be illegal, or if the application thereof to any person or any circumstance shall to any extent be judicially determined to be invalid or unenforceable, the remainder of this Agreement, or the application of such covenant, condition, term, or provision to persons or circumstances other than those to which it is held invalid or unenforceable, shall not be affected thereby, and each covenant, condition, term, and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law

    15.5    Governing Law. This Agreement has been executed in and shall be construed and enforced in accordance with, and governed by, the laws of the Commonwealth of Pennsylvania

    15.6    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement

    15.7    Entire Agreement. This Agreement together with its Schedules constitutes the entire agreement of the parties. This Agreement cannot be changed, modified, or discharged orally but only by an agreement in writing. There are no representations, warranties, or agreements other than those set forth in this Agreement.

    15.8    Further Assurances. The Members and any subsequently admitted Member will execute and deliver such further instruments and do such further acts as may be required to carry out the intent and purposes of this Agreement

    15.9    Successors And Assigns. Subject to the limitations on transferability contained herein, this Agreement shall be binding upon, and shall inure to the benefit of, the heirs, administrators, personal representatives, successors, and assigns of the respective parties hereto

    15.10    Creditors. None of the provisions of this Agreement shall be construed for the benefit of or enforceable by any of the creditors of the Company or the creditors of any Member

    15.11    Schedules. The Schedules referenced in this Agreement are a part of this Agreement as if set forth fully herein. All references to this Agreement shall be deemed to include the Schedules, unless the context requires otherwise

    15.12    Remedies. The rights and remedies of a Member hereunder shall not be mutually exclusive and the exercise by any Member of any right to which such Member is entitled shall not preclude the exercise of any other right possessed by such Member

15.13 Jurisdiction; Expedited Proceedings Election; Specific Performance.

(a) Each Member and Manager hereby consents to the jurisdiction of the courts of the Commonwealth of Pennsylvania as to all matters relating to the enforcement, interpretation, or validity of this Agreement, and if such Member or Manager is a non-resident of the Commonwealth of Pennsylvania, appoints the Secretary of State of the Commonwealth of Pennsylvania as such Member's agent for service of process.

(b) It is agreed that each Member and Manager (or his representative) shall be entitled to injunctive relief to prevent breaches of this Agreement and to specifically enforce the terms and provisions hereof in addition to any other remedy to which he or it may be entitled pursuant to this Agreement or at law or in equity.

15.14 No Presumption Against the Drafter. Each Member participated in the drafting of this Agreement or had the opportunity to request modifications to this Agreement upon becoming a Member; in the case of subsequently admitted Members, and the interpretation of any ambiguity contained in the Agreement will not be affected by the claim that a particular party drafted any provision hereof.

15.15 Agreement Drafted by Company's Attorney. The Members each acknowledge that the Company's and Robert C. Mattern's counsel, Young Conaway Stargatt & Taylor, LLP, prepared this Agreement on behalf of and in the course of his representation of the Company and Robert C. Mattern, and that prior to the execution of this Agreement:

(a) Each Member has been advised that a conflict of interest may exist between a Member's individual interests and those of the Company, the Manager, and other Members;

(b) Each Member has been advised by the Company's and Robert C. Mattern's counsel that this Agreement has tax consequences;

(c) Each Member has had the opportunity to seek the advice of independent counsel with regard to the execution of this Agreement; and

47

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTERN & ASSOCIATES, LLC, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: 1:06-cv-36 KAJ |
| vs. | : | |
| JOHN SEIDEL, | : | **ORDER TRANSFERRING VENUE** |
| Defendant. | : | |

**THIS MATTER**, having been opened to the Court by defendant, John Seidel, by and through his counsel, Paul A. Wernle, Jr., Esq., and the Court having considered the arguments of counsel and opposition thereto, if any, and for good cause shown,

**IT IS HEREBY ORDERED THAT,** this matter be and hereby is, transferred to:

\_\_\_\_ the Eastern District of Pennsylvania

\_\_\_\_ the District of New Jersey

_____
Hon.

1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

MATTERN & ASSOCIATES, LLC, :
:
    Plaintiff, : CIVIL ACTION NO.: 1:06-cv-36 KAJ
:
vs. : **ORDER TRANSFERRING VENUE**
:
JOHN SEIDEL, :
:
    Defendant. :
:
:

**AND NOW** comes defendant, John Seidel, by and through his counsel, Paul A. Wernle, Jr., Esquire, and moves this Court for an Order transferring venue to the Eastern District of Pennsylvania or the District of New Jersey. Defendant submits herewith his Opening Brief and Certification with Exhibit in support of this motion. A proposed form of Order is attached.

By: _____
Paul A. Wernle, Jr., (No. 2461)
92 Read's Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 1:06-CV-36 KAJ |
| vs. | : |
| JOHN SEIDEL, | : **CERTIFICATE OF SERVICE** |
| Defendant. | : |

I, Paul A. Wernle, Jr., an attorney at law admitted to practice before this Court, hereby certify that on the date below, I caused to be mailed in a prepaid postage envelope by regular United States mail a copy of the Opening Brief in Support of Motion to Transfer Venue in this action, addressed to the following:

George H. Seitz, III, Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899

I certify under penalty of perjury that the foregoing is true and correct. Executed on the 9th day of February 2006.

By: Paul A. Wernle, Jr., Esq.
Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342
Attorney for Defendant

1