IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| **MATTERN & ASSOCIATES, L.L.C.,**          Plaintiff, <br><br> v. <br><br> **JOHN SEIDEL,**          Respondent/Defendant. | ) <br> ) <br> ) <br> )   C.A. No. 1:06-CV-36 KAJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO TRANSFER VENUE TO EITHER THE EASTERN DISTRICT COURT
<u>OF PENNSYLVANIA OR THE DISTRICT COURT OF NEW JERSEY</u>**

 

SEITZ, VAN OGTROP & GREEN, P.A.

George H. Seitz, III, Esq.
222 Delaware Avenue
Suite 1500, P.O. Box 68
Wilmington, DE 19899
(302) 888-7600
Attorneys for Plaintiff
Mattern & Associates, L.L.C.

Dated: February 24, 2006

51986 v1

# **TABLE OF CONTENTS**

|   |   | PAGE |
|---|---|---|
| TABLE OF CITATIONS | | 3 |
| NATURE AND STAGE OF PROCEEDINGS | | 5 |
| SUMMARY OF ARGUMENT | | 6 |
| STATEMENT OF FACTS | | 7 |
| ARGUMENT | | 10 |
| I. | THIS CASE SHOULD NOT BE TRANSFERRED TO EITHER THE EASTERN DISTRICT OF PENNSYLVANIA OR TO THE DISTRICT COURT OF NEW JERSEY | |
| | A. The Action Might Have Been Brought In The Eastern District of Pennsylvania | 10 |
| | B. The Factors Do Not Weigh In Favor of Transfer | 11 |
| |     1. Convenience to the Parties | 11 |
| |     2. Convenience to the Witnesses | 12 |
| |     3. Interests of Justice | 13 |
| |         (a) The Efficient Utilization of Judicial Resources | 13 |
| |         (b) The Costs of the Parties | 14 |
| |         (c) Access to Proof | 14 |
| |         (d) Availability of Compulsory Process | 14 |
| |         (e) Application of State Law | 15 |
| |         (f) Summary | 15 |
| CONCLUSION | | 16 |

# **TABLE OF CITATIONS**

PAGE

Anchor Hocking Corp. v. Aladdin Synergetics, Inc.,
1984 WL 2752………………………………………………………………………… 14

Bergman v. Brainin,
512 F.Supp. 972 (D.Del. 1981)……………………………………………………… 15

Biedrzycki v. Alcoa Steamship Co.,
191 F.Supp. 895 (E.D.Pa. 1961)…………………………………………………….. 11

Burroughs Wellcome Co. v. Giant Food, Inc.,
392 F.Supp. 761 (D.Del. 1975)……………………………………………………… 13

Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,
821 F.Supp. 962 (D.Del. 1993)……………………………………………………....... 15

Hall v. Kittay,
396 F.Supp. 261 (D.Del. 1975)……………………………………………………… 15

In Re: ML-Lee Acquisition Fund II, L.P.,
816 F.Supp. 973 (D.Del. 1993)…………………………………………………….. 11, 13

John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Incorporated,
22 F.3d 51, 52-53 (2d.Cir. 1994)…………………………………………………….. 10

Kollmorgen Corp. v. Gettys Corp.,
760 F.Supp. 65 (D.Del. 1991)……………………………………………………… 10, 11

Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc.,
136 F.Supp. 508 (D.Del. 1955)…………………………………………………….. 13

Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc.,
316 F.Supp. 1350 (E.D. Mich. 1970)……………………………………………….. 13, 15

Shutte v. Armco Steel Corp.,
431 F.2d 22 (3d. Cir. 1970)………………………………………………………...11

Sports Eye Inc. v. Daily Racing Forum,
565 F.Supp. 634 (D.Del. 1983)…………………………………………………….. 15

Sports MEDIA Technology Corp. v. Upchurch,
839 F.Supp. 8 (D.Del. 1993)……………………………………………………….. 14

Van Dusen v. Barrack,
376 U.S. 612 (1964) ………………………………………………………………….. 11

Wisniewski v. Amoco Shipping Co.,
350 F.Supp. 201 (E.D.Pa. 1972) …………………………………………………….. 11


STATUTES

28 U.S.C.A. § 1391(a) ……………………………………………………………… 12

28 U.S.C. § 1404(a) ………………………………………………………………… 10

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Mattern & Associates, L.L.C., a Pennsylvania limited liability corporation ("M&A") commenced this action in the Chancery Court of the State of Delaware on December 16, 2005 seeking damages and injunctive relief from Defendant, John Seidel's ("Seidel") breach of the non-competition provision and breach of his fiduciary duties of good faith, loyalty, and fair dealing. (See Exhibit "A"). These breaches are pursuant to the Limited Liability Company Agreement (the "Agreement") signed and agreed upon by Seidel on July 1, 2003. (See Exhibit "B"). Since the time the Agreement was signed and executed by both parties, M&A's principal place of business has been located in Wilmington, Delaware, specifically 2036 Foulk Road.

On January 19, 2006, Seidel filed a Notice of Removal of Civil Action with the United States District Court of Delaware. Plaintiff did not contest the removal of the action from the Chancery Court of the State of Delaware to the District Court of Delaware. On February 9, 2006, Seidel filed a Motion to Transfer Venue from the District Court of Delaware to either the Eastern District Court of Pennsylvania or the District Court of New Jersey.

This is M&A's Brief in Opposition to Defendant's Motion to Transfer Venue outside of the State of Delaware.

## SUMMARY OF ARGUMENT

The State of Delaware is the forum chosen by the Plaintiff. Seidel has not and cannot show that the pertinent factors weigh strongly in favor of transfer to either the Eastern District Court of Pennsylvania or the District Court of New Jersey.

Since a transfer of this case would only shift the inconvenience from Seidel to M&A, this Court should deny the Motion to Transfer.

**STATEMENT OF FACTS**

Plaintiff Mattern & Associates, LLC ("M&A") is a Pennsylvania limited liability corporation having its principal place of business at 2036 Foulk Road, Wilmington, New Castle County, Delaware 19810.[1] (Ex. B, ¶ 1.6). John Seidel ("Seidel") was last known to be a resident of the State of New Jersey. (Ex. A, ¶ 3). On July 1, 2003, Seidel signed and accepted the terms of the Agreement with M&A, thereby being named Vice President of Business Development. (Ex. A, ¶ 6).

Under the terms of the Agreement, Seidel agreed:

a) to maintain privacy regarding M&A's trade secrets and all other classified information, including but not limited to: databases, customer lists, Request for Proposals, Request for Proposal templates, workflow analysis, benchmarking data, on-site questionnaires for gathering information, guides for analyzing mail, copy, fax, records operations, cost recovery systems, and the "Mattern Method®";

b) not to solicit business or act as an employee of a competitor of M&A operating within 100 miles of M&A's principal place of business, for a period of twenty-four (24) months after terminating employment with M&A;

c) not to disclose any of M&A's confidential information to a "person, firm, corporation, association, limited liability company, joint venture, or other judicial entity" without first obtaining M&A's prior written consent; and,

d) to pay M&A $150,000 in the event he breached the non-competition provision.

As an employee and shareholder of M&A, Seidel owed fiduciary duties to M&A, including an

---

[1] All exhibits cited herein are attached to the Affidavit of George H. Seitz, III in Support of Mattern &

obligation to maintain confidentiality of all M&A Property. (Id. at ¶ 6-7). Beginning on or about December of 2004 and continuing up to the time of his resignation, Seidel engaged in a course of conduct designed to misappropriate M&A's assets in violation of the Agreement. (Id. at ¶ 8).

On February 16, 2005 and thereafter, Seidel engaged in a course of conduct designed to seek employment with competitors of M&A. (Id. at ¶ 10). Seidel sent and received various "E-mail" correspondences using the M&A computer system to seek employment with M&A's competitors. (Id. at ¶ 9-12) During this same period, Seidel's job performance at M&A continued on a downward spiral and he failed to meet company goals. (Id. at ¶ 14). On April 8, 2005, Robert Mattern, Manager of M&A, confronted Seidel about his poor job performance and continuous use of the Company credit card to pay for, or reimburse himself for the cost of, personal expenses. (Id.) Seidel responded by mentioning his intent to resign from M&A. (Id. at ¶ 15).

On April 11, 2005, Seidel advised Mattern that he was resigning. (Id. at ¶ 16). Seidel has never reimbursed M&A for personal expenses charged to the firm's credit card. (Id. at ¶ 17). As a result of his resignation, Seidel also owes M&A for the net liability due to M&A to the extent his monthly draws and health insurance costs exceeded his actual commissions earned. (Id. at ¶ 18). Despite repeated requests, Seidel has refused to reimburse M&A for these expenses or to return his Ownership Units as required by the Agreement. (Id. at ¶ 20).

Seidel continued to act in breach of the Agreement by accepting employment with Konica Minolta Business Solutions U.S.A., Inc., a competitor of M&A, located at 300 Stevens Drive, Philadelphia, Pennsylvania, and the facility is within a 100 mile radius of M&A's Wilmington, Delaware office. (Id. at ¶ 21). As the former Vice President of Business Development, Seidel has valuable insider knowledge about M&A. (Id. at ¶ 24). After several unsuccessful attempts to

---

Associates' Brief in Opposition to Seidel's Motion to Transfer Venue.

amicably resolve this dispute, Plaintiff filed this action against Seidel on December 16, 2005.

On January 19, 2006 Seidel filed a Notice of Removal of Civil Action with the United States District Court of Delaware. Plaintiff did not contest the removal of the action from the Chancery Court of Delaware to the District Court of Delaware. On February 9, 2006 Seidel filed a Motion to Transfer Venue from the District Court of Delaware to either the Eastern District Court of Pennsylvania or the District Court of New Jersey.

Of noteworthy importance, many of the witnesses in this action are located in Delaware. For all of these reasons, Plaintiff opposes the Motion to Transfer.

**ARGUMENT**

I. **THIS CASE SHOULD NOT BE TRANSFERRED TO EITHER THE EASTERN DISTRICT COURT OF PENNSYLVANIA OR THE DISTRICT COURT OF NEW JERSEY**

The Defense indicated the Court should transfer this action based on the forum selection clause in the Agreement, however, this particular clause is permissive rather than mandatory. *See* John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Incorporated, 22 F.3d 51, 52-53 (2d.Cir. 1994). As such, the forum selection clause contained within the Agreement between the parties does not oust the Court's jurisdiction. *Id.* Therefore, the contract argument raised by the Defense does not require the Court to transfer this action to Pennsylvania.

Pursuant to 28 U.S.C. Section 1404(a), a court must first determine whether the instant action could have been filed in the transferee district (here, the Eastern District of Pennsylvania or the District of New Jersey). If the Court determines the Eastern District Court of Pennsylvania or the District Court of New Jersey would have been proper forums in which to bring the case, the Court must then weigh the convenience of the parties and witnesses, and the interests of justice to determine if transfer is appropriate. E.g., Kollmorgen Corp. v. Gettys Corp., 760 F.Supp. 65, 66 (D.Del.1991). Seidel, as the moving party, has the burden of showing that these factors weigh strongly in favor of transfer. Id. at 67. Since Seidel has not and cannot meet this burden, its Motion should be denied.

   A. **The Action Might Have Been Brought in the Eastern District of Pennsylvania**

Plaintiff concedes the instant action "might have been brought" in the Eastern District of Pennsylvania. As this point is not in issue, whether the instant case should be transferred depends upon whether Seidel has demonstrated that the following factors weigh strongly in favor of transfer.

   B. **The Relevant Factors Do Not Weigh In Favor of Transfer**

It is well settled "a plaintiff's choice of a proper forum is a paramount consideration of any determination of a transfer request" and "should not be lightly disturbed". In Re: ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973, 975 (D.Del.1993)(*quoting* Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).  The Defense has the burden of showing the relevant factors are balanced in favor of the transfer and "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." (citations omitted)(emphasis in original). Kollmorgen Corp. v. Gettys Corp., 760 F.Supp. 65, 66-67 (D.Del.1991)(*quoting* Shutte, 431 F.2d at 25).  Unless a defendant is able to overcome the substantial deference given to the plaintiff's decision of where to file an action, "the plaintiff's choice of forum should rarely be disturbed." Wisniewski v. Amoco Shipping Co., 350 F.Supp. 201, 202 (E.D.Pa.1972)(*quoting* Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895, 896 (E.D.Pa.1961)).

Many of the events which give rise to the actions in this case occurred in M&A's principal place of business in the State of Delaware.  The Defense failed in its Motion to satisfy its burden of showing these factors weigh heavily in favor of transferring venue.  Section 1404(a) does not offer any justification for a defendant to overcome a plaintiff's choice of forum and thereby transfer a case based solely on some inconvenience that will be caused to the defense. Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964).  Furthermore, potentially increased costs to the Defendant are not a substantial consideration in determining a proper venue for an action.  As a result, Defendant has failed to meet its burden and its Motion to Transfer should be denied.

    1.        Convenience To The Parties.

Delaware is the most convenient forum for Plaintiff.  M&A's principal place of business is in the State of Delaware, Seidel's paychecks were issued in Delaware, many of the events which gave rise to this claim occurred in Delaware, M&A and Seidel conducted business in Delaware, many of

the witnesses are located in Delaware, and the books and records relating to the dispute are kept in Delaware. The distances between Plaintiff's chosen forum and Defendant's proposed forums are too negligible to satisfy Defendant's burden of showing an inconvenience to the Defense.

The Defense's Opening Brief misstated the choice of venue available to the Plaintiff under U.S.C.A. §1391(a). This statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, **or** 3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

U.S.C.A. § 1391(a) (emphasis added). It is clear that this statute does not favor filing a case where the defendant resides, that is merely one of three listed options regarding jurisdiction based on diversity of citizenship. Plaintiff's choice of forum in Delaware was based on the location of M&A's principal place of business, the location in which the events gave rise to this claim, and the state in which business occurred. Moreover, it was the Defendant, not the Plaintiff, who transferred this action to the District Court of Delaware based on diversity of citizenship.

The Defendant's alleged ability to pay attorneys' fees is not a relevant factor that weighs in favor of transferring this action out of the State of Delaware, nor is this factor alone able to tip the scales of justice. Accordingly, if this first factor has any weight whatsoever, it falls on the side of denying the Motion to Transfer.

  2. <u>Convenience To The Witnesses.</u>

Turning next to non-party witnesses, Seidel asserts that defense witnesses to this case are located in Connecticut and New York. Seidel fails to specifically identify witnesses who might be called in this action – a flaw which is fatal to its Motion to Transfer Venue. <u>See</u>, <u>Burroughs</u>

Wellcome Co. v. Giant Food, Inc., 392 F.Supp. 761, 763 (D.Del. 1975); Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350, 1357-58 (E.D. Mich. 1970). Even if the Court can speculate as to possible witnesses in this case, there is no indication in Seidel's Affidavit or Motion to Transfer that any non-party witnesses will be called on his behalf.

In contrast, M&A may call non-party witnesses in its favor who are located in Delaware. (See Exhibit "C"). Therefore, this factor weighs strongly against the Motion to Transfer.

    3.     Interests of Justice.

The factors to be considered when determining the interests of justice include: (1) the efficient utilization of judicial resources; (2) the costs of the parties litigating in the chosen forum as opposed to the transferee forum; (3) access to proof; (4) the availability of compulsory process and (5) whether application of state law is required. In Re ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973, 978 (D.Del.1993). Moreover, the District Court of Delaware previously ruled on this issue, and stated:

> [a] transfer for the convenience of defendant, which would result in plaintiff being put to the same inconvenience to which the defendant would have been subject if the transfer were not granted, would not be a transfer in the interest of justice. On the contrary, such a transfer would deprive plaintiff of its chosen forum without subtracting from the total amount of inconvenience which would be incurred by both litigants. Such a transfer would merely shift substantially all of the inconvenience from the defendant to the plaintiff.

Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc., 136 F.Supp. 508, 511 (D.Del.1955). Plaintiff will address each of these criteria separately.

    **(a)    The efficient utilization of judicial resources**

This Court has previously recognized that the District of Delaware is a "rocket docket" district which can resolve a dispute as quickly and efficiently as the parties' schedules permit. Sports MEDIA Technology Corp. v. Upchurch, 839 F.Supp. 8, 11 (D.Del. 1993). Therefore, Seidel cannot show that this factor tips strongly towards transfer.

**(b)     The costs of the parties**

The travel distance between the Eastern District Court of Pennsylvania and the District Court of Delaware is too negligible to factor in travel costs of parties and non-witnesses. The Eastern District Court of Pennsylvania is an estimated thirty (30) mile distance from the District Court of Delaware. Travel costs and expenses from Philadelphia to Wilmington do not strongly outweigh the deference given to the Plaintiff's choice of forum.

The fee agreement that Defendant has with his attorneys does not tip the scales of justice in favor of transfer. Any inconvenience caused to counsel and/ or added costs incurred by the Defendant in hiring local counsel are not factors to be considered by the Court in ruling on this Motion. *See* Anchor Hocking Corp. v. Aladdin Synergetics, Inc., 1984 WL 2752, *2 (citations omitted)(See Exhibit "D"). In this case, the District Court of Delaware denied the defense's motion to transfer venue to the Eastern District of Tennessee due to the defense's failure to meet its burden under U.S.C. §1404(a). *Id.*

**(c)     Access to proof**

The Defense has conceded that the "location of books and records is equal for both sides." *See*, Defendant's Opening Brief, ¶ 5. Plaintiff agrees with this statement, and as a result, access to proof does not weigh strongly in favor of transfer.

**(d)     Availability of compulsory process**

The Defense has failed to represent that non-party witnesses will be unable to testify if the trial is heard in Delaware. The Defendant's Motion has failed to assert whom, if any, non-party witnesses it intends to call to the witness stand. As such, it is mere allegation that out-of-state defense witnesses will not respond to a subpoena nor testify voluntarily. *See*, Critikon, Inc. v.

Becton Dickinson Vascular Access, Inc., 821 F.Supp. 962, 967 (D.Del. 1993). The availability of compulsory process does not weigh strongly in favor of transfer.

    **(e)**    **Application of state law**

The parties' rights under the Limited Liability Company Agreement are controlled by Pennsylvania law and the law recognizes a slight preference towards having a federal court in the state whose substantive law controls hear the case. E.g. Sports Eye Inc. v. Daily Racing Forum, 565 F.Supp. 634 (D.Del. 1983); Hall v. Kittay, 396 F.Supp. 261, 265 (D.Del. 1975). However, Seidel has not demonstrated that this case will involve any novel issues of foreign law, so this factor does not weigh strongly in favor of transfer. Bergman v. Brainin, 512 F.Supp. 972, 974 (D.Del. 1981); Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350, 1358 (Ed. Mich. 1970).

    **(f)**    **Summary**

Considering and balancing all the factors above, the scales of convenience do not tip strongly in favor of transfer. Most of the factors are neutral. And, while Seidel can point to the applicability of Pennsylvania law as slightly favoring transfer, this is outweighed by the other factors, which strongly favor litigation of this case in Delaware. Since Delaware is M&A's principal place of business, many of the witnesses are located in Delaware, and a number of the events giving rise to this claim occurred in Delaware, this Court should defer to the Plaintiff's choice of forum in light of Defendant's failure to meet its burden under Section 1404(a). Defendant's Motion to Transfer can and should be denied.

## CONCLUSION

For all of the above reasons, and the authorities cited herein, Plaintiff respectfully requests that Defendant's Motion to Transfer be denied.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ *George H. Seitz, III*

By: _____
GEORGE H. SEITZ, III, ESQ. (#667)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorneys for Plaintiff

Date:  February 24, 2006

## CERTIFICATE OF SERVICE

I, GEORGE H. SEITZ, III, hereby certify that on this 24th day of February, 2006, I caused the foregoing ***Plaintiff's Brief in Opposition to Defendant's Motion to Transfer Venue to Either the Eastern District Court of Pennsylvania or the District Court of New Jersey*** to be served via CM/ECF and first class mail on counsel as follows:

> Paul A. Wernle, Jr., Esquire
> Law Office of Paul A. Wernle
> 92 Read's Way, Suite 106
> New Castle Corporate Commons
> New Castle, DE 19720

> */s/ George H. Seitz, III*
> _____
> GEORGE H. SEITZ, III (#667)

Dated: February 24, 2006

51986 v1