IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 1:06-cv-36 KAJ |
| vs. | : |
| JOHN SEIDEL, | : **REPLY BRIEF IN SUPPORT OF** |
| | : **MOTION TO TRANSFER VENUE** |
| Defendant. | : |

Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342
Attorney for Defendant

611976

i

## TABLE OF CONTENTS

LEGAL ARGUMENT ................................................................................................................. 1

    POINT I  PLAINTIFF'S ARGUMENT REGARDING THE CONTRACTUAL FORUM
               CLAUSE IS MISPLACED ........................................................................... 1

    POINT II    PLAINTIFF'S CLAIM THAT DEFENDANT "MISSTATED" THE
               CHOICE OF VENUE TO PLAINTIFF IS INCORRECT .......................... 1

    POINT III   DEFENDANT'S MOTION SHOULD BE GRANTED ............................. 2


CONCLUSION ............................................................................................................................. 3

611976

## TABLE OF CITATIONS

### CASES

John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs., 22 F.3d 51 (2d Cir. 1994) ................................................................................................................................ 1

In Re: ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973 (D.Del. 1993) ................................... 2

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) ........................................................................................................................... 2

Jack C. Keir, Inc. v. Life Office Management Ass'n, 1993 U.S. Dist. LEXIS 10205, 2-3 (E.D. Pa. 1993) ................................................................................................................................ 2

Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970) ............................................................. 2

Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973) ................. 2

Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 97 L. Ed. 1331, 73 S.Ct. 900 (1953) ............... 2

### STATUTES

28 U.S.C. § 1391 ............................................................................................................................ 1

28 U.S.C. § 1404(a) ....................................................................................................................... 3

611976

## LEGAL ARGUMENT

POINT I.   **PLAINTIFF'S ARGUMENT REGARDING THE CONTRACTUAL FORUM CLAUSE IS MISPLACED.**

Plaintiff asserts that the forum selection clause in this matter is permissive, not mandatory, citing <u>John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs.</u>, 22 F.3d 51 (2d Cir. 1994). The language in question is as follows:

> This Agreement has been executed in and shall be construed and enforced in accordance with, and governed by, the laws of the Commonwealth of Pennsylvania. (15.5)

> Each Member and Manager hereby consents to the jurisdiction of the Courts of the Commonwealth of Pennsylvania as to all matters relating to the enforcement, interpretation, or validity of this Agreement, and if such Member or Manager is a non-resident of the Commonwealth of Pennsylvania, appoints the Secretary of State of the Commonwealth of Pennsylvania as such Member's agent for service of process. (15.13)

The foregoing clauses, construed together, reveal the parties' intent to confer exclusive jurisdiction in the Pennsylvania courts. First, the parties acknowledge that Pennsylvania law exclusively governs the agreement. Second, they consent to the jurisdiction of Pennsylvania "as to <u>all</u> matters relating to the enforcement, interpretation, or validity of (the) Agreement." Third, the parties mutually appoint Pennsylvania Secretary of State their agent for service of process. All of these factors point to a mutual intent to litigate in Pennsylvania exclusively.

POINT II.   **PLAINTIFF'S CLAIM THAT DEFENDANT "MISSTATED" THE CHOICE OF VENUE TO PLAINTIFF IS INCORRECT.**

Plaintiff states--without really explaining how--that defendant "misstated the choice of venue available to the Plaintiff under 28 <u>U.S.C.</u> § 1391(a)." Plaintiff's brief at 12. As noted in defendant's Opening Brief, the general venue statute, 28 U.S.C. § 1391, does not apply to cases

1

611976

removed from state court. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 97 L. Ed. 1331, 73 S.Ct. 900 (1953). Therefore, defendant has made no misstatements.

**POINT III.    DEFENDANT'S MOTION SHOULD BE GRANTED.**

With all due respect to this Court, plaintiff's reliance upon this Court's analysis in In Re: ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973 (D.Del. 1993) is misplaced. The more recent analysis by the Third Circuit Court of Appeals in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) controls. In addition, the portion of the decision in Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970) which states that the plaintiff's choice of forum should not be disturbed unless the balance of convenience of the parties is strongly in favor of the defendant was called into question in Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973), where the Court wrote "it is true that in part IV of [Shutte], the convenience of parties and witnesses and the interest of justice is discussed. But the holding of the case, we think, is reflected in parts II and III." "Given the Third Circuit's relegation of part IV of Shutte to *dictum*, it is questionable whether that part of Shutte has any continuing validity." Jack C. Keir, Inc. v. Life Office Management Ass'n, 1993 U.S. Dist. LEXIS 10205, 2-3 (E.D. Pa. 1993)

However, even accepting the plaintiff's framework of analysis for this motion compels the conclusion that defendant's motion should be granted.

Plaintiff's own complaint belies its bald assertion that "many of the events which gave rise to this claim occurred in Delaware." The gravamen of plaintiff's complaint is that defendant solicited other employment in New York and Connecticut, and has obtained employment with a competitor in Pennsylvania. The witnesses associated with these non-parties are the only witnesses who can credibly testify as to the nature of the businesses where defendant allegedly sought--or has obtained--employment. Likewise, they are the only non-party witnesses who can

testify that defendant did not share any of plaintiff's proprietary or confidential information with them.

Plaintiff confuses the obligation of defendant, who has no financial resources, to retain two attorneys, with the convenience of counsel. The latter plays no role in a 1404(a) motion; however, the former is of a high degree of importance. Plaintiff does not dispute that it can--and will--retain counsel on an hourly basis, and will fund its side of the litigation by payment of lawyer's bills. In contrast, defendant has certified that he does not have the financial resources to continue to pay local counsel, but he does have counsel willing to represent him on a contingent basis in Pennsylvania or New Jersey. Plaintiff concedes that geography is of no importance here. Indeed, Philadelphia is the perfect "middle ground" for the litigation of this matter.

## **CONCLUSION**

For all of the foregoing reasons, defendant respectfully requests that the Court enter an order transferring this matter to the Eastern District of Pennsylvania or to the District of New Jersey.

By: Paul A. Wernle, Jr. (No. 2461)
92 Reads Way
Suite 106
New Castle, Delaware 19720-1631
(302) 221-3342