### SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE

Writer's Direct Dial: (302) 888-7602
Writer's E-Mail Address: gseitz@svglaw.com
www.lawyers.com/svglaw

(302) 888-0600
FAX: (302) 888-0606

August 28, 2006

**Via CM/ECF and Hand Delivery**

The Honorable Kent A. Jordan
J. Caleb Boggs Federal Building
Courtroom 6A
844 N. King Street
Wilmington, DE 19801

      RE: *Mattern & Associates, LLC v. Seidel*
           Civil Action No.: 06-CV-36 (KAJ)

Dear Judge Jordan:

    Attached is a proposed Protective Order submitted for the Court's approval to which the parties have agreed in the scheduling conference this morning.

    Also attached please find a copy of the proposed Scheduling Order, also discussed in the scheduling conference this morning and approved by counsel.

    Thank you.

                                   Respectfully submitted,

                                   *Danielle A. Naczycyk for*

                                   George H. Seitz, III
                                   Bar No. 667
                                   gseitz@svglaw.com

GHS:drc
Attachments

cc:    Paul A. Wernle, Jr., Esquire (via Facsimile) (w/encl.)
       Robert J. Hagerty, Esquire (via CM/ECF) (w/encl.)
       Mr. Robert Mattern (w/encl.)

54571 v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTERN & ASSOCIATES, L.L.C., | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | C.A. No. 1:06-CV-36 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN SEIDEL, | ) | |
| | ) | |
| Defendant and Third Party Plaintiff. | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT MATTERN, | ) | |
| ABC ENTITIES 1-50, and | ) | |
| J. Does 1-50, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## PROTECTIVE ORDER

To facilitate discovery in this matter, and pursuant to Federal Rules of Civil Procedure 26(c) and 37(b),

IT IS HEREBY ORDERED as follows:

1. <u>Designation of Information as Confidential</u>. Any person or entity producing or disclosing information in response to a discovery request in this action that has a good faith basis for believing that the information contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information, may designate that information as "Confidential Information" and disclose it pursuant to the terms of this order.

2. <u>Stipulation Providing for the Disclosure and Use of Confidential Information</u>. The parties may file a stipulation setting out their agreement on the handling and use of Confidential Information, and may include in the stipulation terms and conditions by which they propose to handle and use Confidential Information received in discovery from a person or entity that is not a party to this action. The parties may include in that stipulation a form for an agreement by which a person receiving information consents to be subject to the jurisdiction of this Court for the purposes of enforcing this order.

3. <u>Disclosure of Confidential Information</u>. Unless otherwise agreed to in writing by the person or entity that produces or discloses Confidential Information, or until the Court orders otherwise, any party, person, or entity receiving Confidential Information shall use it only for purposes of litigating this case and disclose it only as provided in paragraph 4.

4. <u>Disputes Relating to Disclosure and Use of Confidential Information</u>. This order does not change a producing party's burden to establish that information is confidential and subject to this order pursuant to Fed.R.Civ.P. 26. At any time any person or entity may challenge a designation of "confidential information" and move for relief. Counsel should expect the Court will hear and resolve such motions promptly.

Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

    (a)    counsel who represent parties in this action, and regular or temporary employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Order.

(b) experts or consultants necessary to assist counsel for parties that have appeared in the Litigation;

(c) witnesses or deponents (other than employees of the parties), and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in, the litigation;

(d) the Court;

(e) court reporters employed in connection with the Litigation;

(f) parties and the directors, officers, employees and general or limited partners of the parties, who are assisting the parties in this Litigation, or who appear as witnesses; and

(g) any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Information.

5. <u>Disclosure of Confidential Information</u>. Before a party or its counsel may show or disclose Confidential Information designated by any party or non-party to any person listed in paragraph 4(b) or 4(c) above, that person shall be required to confirm his or her understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto, provided that non-party witnesses to whom Confidential Information is first disclosed at deposition need not be required to sign a copy of Exhibit A in order to be bound by the terms hereof.

6. <u>Filing of Papers under Seal</u>. Any papers containing Confidential Information which a party chooses to file with the Court shall be filed under seal with a legend that identifies this order.

7. <u>Trial</u>. Counsel should address in the pretrial order how they propose to handle

the use and disclosure of Confidential Information at trial.

8. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be discussed.

_____
UNITED STATES DISTRICT JUDGE

Dated:

**EXHIBIT A**

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MATTERN & ASSOCIATES, L.L.C.,** | ) |
| **Plaintiff.** | ) ) ) ) C.A. No. 1:06-CV-36 KAJ |
| v. | ) ) ) ) |
| **JOHN SEIDEL,** | ) ) |
| **Defendant and Third Party Plaintiff.** | ) ) ) |
| v. | ) ) ) ) |
| **ROBERT MATTERN,** **ABC ENTITIES 1-50, and** **J. Does 1-50,** | ) ) ) ) |
| **Third Party Defendants.** | ) |

## **UNDERTAKING**

I certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2006, and that I have been given a copy of and have read the Protective Order and agree to be bound by it. I hereby agree to subject myself to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the terms and restrictions of the Protective Order.

If I fail to abide by the terms of the Protective Order, I understand that I shall be

subject to sanctions by the Court and to separate legal and equitable recourse by the adversely affected producing party.

_____

55451 v1                                7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, L.L.C.<br>       Plaintiff,<br><br>  v.<br><br>JOHN SEIDEL,<br>       Defendant. | Civil Action No. 00-036 KAJ |

## SCHEDULING ORDER

This ___ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on August 28, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery for Electronic Documents, which is posted at http://www.ded.uscourts.gov (See Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

55651 v1

2.  **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before October 2, 2006.

3.  **Discovery**

    a.  **Limitation on Hours of Deposition Discovery.** Each side is limited to a total of 35 hours of taking testimony by deposition upon oral examination.

    b.  **Location of Depositions:** Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.  **Discovery Cut Off.** All discovery in this case shall be initiated so that it will be completed on or before November 30, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d.  **Disclosure of Expert Testimony.** Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before sixty days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party thirty days before the date for the completion of discovery. To the extent any objection to expert testimony is made

pursuant to the principles announced in <u>Daubert v. Merrelll Dow Pharm., Inc.</u>, 509 U.S. 597 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  e. **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  4. **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(e) above.

  Any proposed order should include the following paragraph:

> Other Proceedings. Be entering this order and limiting the
> disclosure of information in this case, the Court does not

intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have the opportunity to appear to be heard on whether that information should be disclosed.

5.  **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.  **Settlement Conference:** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7.  **Interim Status Report.** On October 10, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.  **Status Conference.** On October 16, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.  **Case Dispositive Motions.** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 31, 2007. Briefing will be presented pursuant to the Court's Local Rules.

10. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise

requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Pretrial Conference.** On June 28, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before May 29, 2007.

12. **Motions in Limine.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. **Jury Instructions, Voire Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voire dire, instructions to the jury, and special verdicts and interrogatories three

full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.    **Trial.** This matter is scheduled for a four ( 4 ) day jury trial beginning at 9:30 a.m. on July 23, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 10 hours to present their case.

_____
The Honorable Kent A. Jordan
United States District Judge