IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTERN & ASSOCIATES, L.L.C., | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | C.A. No. 1:06-CV-36 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN SEIDEL, | ) | |
| | ) | |
| Defendant and Third Party Plaintiff. | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT MATTERN, | ) | |
| ABC ENTITIES 1-50, and | ) | |
| J. Does 1-50, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## PROTECTIVE ORDER

To facilitate discovery in this matter, and pursuant to Federal Rules of Civil Procedure 26(c) and 37(b),

IT IS HEREBY ORDERED as follows:

1. <u>Designation of Information as Confidential</u>. Any person or entity producing or disclosing information in response to a discovery request in this action that has a good faith basis for believing that the information contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information, may designate that information as "Confidential Information" and disclose it pursuant to the terms of this order.

2.  Stipulation Providing for the Disclosure and Use of Confidential Information. The parties may file a stipulation setting out their agreement on the handling and use of Confidential Information, and may include in the stipulation terms and conditions by which they propose to handle and use Confidential Information received in discovery from a person or entity that is not a party to this action. The parties may include in that stipulation a form for an agreement by which a person receiving information consents to be subject to the jurisdiction of this Court for the purposes of enforcing this order.

3.  Disclosure of Confidential Information. Unless otherwise agreed to in writing by the person or entity that produces or discloses Confidential Information, or until the Court orders otherwise, any party, person, or entity receiving Confidential Information shall use it only for purposes of litigating this case and disclose it only as provided in paragraph 4.

4.  Disputes Relating to Disclosure and Use of Confidential Information. This order does not change a producing party's burden to establish that information is confidential and subject to this order pursuant to Fed.R.Civ.P. 26. At any time any person or entity may challenge a designation of "confidential information" and move for relief. Counsel should expect the Court will hear and resolve such motions promptly.

Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, by a non-producing party, only to the following persons:

    (a)    counsel who represent parties in this action, and regular or temporary employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Order.

(b) experts or consultants necessary to assist counsel for parties that have appeared in the Litigation;

(c) witnesses or deponents (other than employees of the parties), and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in, the litigation;

(d) the Court;

(e) court reporters employed in connection with the Litigation;

(f) parties and the directors, officers, employees and general or limited partners of the parties, who are assisting the parties in this Litigation, or who appear as witnesses; and

(g) any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Information.

5. <u>Disclosure of Confidential Information</u>.  Before a party or its counsel may show or disclose Confidential Information designated by any party or non-party to any person listed in paragraph 4(b) or 4(c) above, that person shall be required to confirm his or her understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto, provided that non-party witnesses to whom Confidential Information is first disclosed at deposition need not be required to sign a copy of Exhibit A in order to be bound by the terms hereof.

6. <u>Filing of Papers under Seal</u>.  Any papers containing Confidential Information which a party chooses to file with the Court shall be filed under seal with a legend that identifies this order.

7. <u>Trial</u>.  Counsel should address in the pretrial order how they propose to handle

the use and disclosure of Confidential Information at trial.

8. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. [handwritten: disclosed, KAJ]

_____
UNITED STATES DISTRICT JUDGE

Dated: 8/29/06

# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, L.L.C., ) | |
| ) | |
| Plaintiff. ) | |
| ) | C.A. No. 1:06-CV-36 KAJ |
| ) | |
| v. ) | |
| ) | |
| ) | |
| JOHN SEIDEL, ) | |
| ) | |
| Defendant and Third Party Plaintiff. ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ROBERT MATTERN, ) | |
| ABC ENTITIES 1-50, and ) | |
| J. Does 1-50, ) | |
| ) | |
| Third Party Defendants. ) | |

## UNDERTAKING

I certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2006, and that I have been given a copy of and have read the Protective Order and agree to be bound by it. I hereby agree to subject myself to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the terms and restrictions of the Protective Order.

If I fail to abide by the terms of the Protective Order, I understand that I shall be

subject to sanctions by the Court and to separate legal and equitable recourse by the adversely affected producing party.

_____