IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, L.L.C., | ) |
| Plaintiff. | ) |
| | ) C.A. No. 1:06-CV-36 KAJ |
| v. | ) |
| JOHN SEIDEL, | ) |
| Defendant and Third Party Plaintiff. | ) |
| v. | ) |
| ROBERT MATTERN, ABC ENTITIES 1-50, and J. Does 1-50, | ) |
| Third Party Defendants. | ) |

## NOTICE OF ISSUANCE OF NON-PARTY SUBPOENA

**PLEASE TAKE NOTICE** that counsel for Plaintiff and Counterclaim Defendant has issued a subpoena *ad testificandum* and *duces tecum* pursuant to Federal Rules of Civil Procedure 30(b)(6), 34(c) and 45, a true and correct copy of which is attached, that commands appearance at a deposition and the production of documents and things described therein, at the specified hour and place.

Said Subpoena is being served upon:

Stewart Business Systems
105 Connecticut Drive
Burlington, NJ 08016

57287 v1

SEITZ, VAN OGTROP & GREEN, P.A.

/s/   *Kevin A. Guerke*

By: _____
George H. Seitz, III, ID #667
Kevin A. Guerke, ID #4096
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorney for Plaintiff and Counterclaim Defendant.

DATED: January 2, 2007

57287 v1



**RubinFortunato**
Employment Law That Works

ANDREW J. SHAPREN
DIRECT DIAL: (610) 408-2020
DIRECT FAX: (610) 854-4318
EMAIL: ashapren@rubinfortunato.com

**Via Personal Service**

December 28, 2006

Stewart Business Systems
105 Connecticut Drive
Burlington, NJ 08016

Re: *Mattern & Associates, LLC v. Seidel,*
*USDC, District of Delaware, Case No. 06-cv-36*

To Whom It May Concern:

We represent Mattern & Associates, LLC in the above referenced litigation, which is currently pending in the Untied States District Court for the District of Delaware. Enclosed you will find a subpoena directing Stewart Business Systems ("Stewart") to designate a representative to appear for a 30(b)(6) deposition on January 15, 2007 at 10:00 a.m. at our office in Paoli, PA.

Please note that the subpoena also directs you to produce certain documents at the same time as the scheduled deposition. I am further instructing you not to damage, alter, destroy, hide or otherwise change any documents, correspondence, emails and electronic data, which relate in any way to John Seidel, who is currently employed by Stewart. If Stewart has any confidentiality concerns regarding the documents requested, we are amenable to an appropriate confidentiality agreement.

Upon receipt of an invoice, our firm will reimburse Stewart for any costs incurred in producing materials responsive to the subpoena. We will also issue a witness fee to whomever you designate as your 30(b)(6) representative as soon as that information is provided.

Please contact me with any questions.

Sincerely,

RUBIN, FORTUNATO & HARBISON P.C.

Andrew J. Shapren

Enclosure

Stewart Business Systems
December 28, 2006
Page 2


cc: George H. Seitz, III, Esq. (via fax)
    Robert J. Hagerty, Esq. (via fax)
    Paul A. Wernle, Jr., Esq. (via fax)

# UNITED STATES DISTRICT COURT

## EATERN DISTRICT OF PENNSYLVANIA

**SUBPOENA IN A CIVIL CASE**

MATTERN & ASSOCIATES, LLC,
    Plaintiff.

    v.

JOHN SEIDEL,
    Defendant and Third Party Plaintiff.

    v.

ROBERT MATTERN,
ABC ENTITIES 1-50, and
J. Does 1-50,
    Third Party Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C.A. No. 1:06-CV-36 KAJ

TO: Stewart Business Systems, LLC
    105 Connecticut Drive
    Burlington, NJ 08016

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to designate a Stewart Business Systems, LLC representative to appear at the place, date, and time specified below to testify at the taking of a Fed. R. Civ. P. 30(b)(6) deposition, to be recorded stenographically, in the above case. The matters on which the representative should be prepared to testify are listed on Attachment "A," which is incorporated herein by reference.

| PLACE OF DEPOSITION: Rubin, Fortunato & Harbison P.C., 10 S. Leopard Road, Paoli, PA 19301 | DATE AND TIME Monday, January 15, 2007 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any an all documents relating to John Seidel, including without limitation all materials listed on Attachment "B" which is incorporated herein by reference.

| PLACE: Rubin, Fortunato & Harbison P.C., 10 S. Leopard Road, Paoli, PA 19301 | DATE AND TIME Monday, January 15, 2007 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Plaintiff, Mattern & Associates, LLC | DATE December 28, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew J. Shapren, Esquire
Rubin, Fortunato & Harbison P.C.
10 S. Leopard Road
Paoli, PA 19301
(610) 408-2020

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS FOR ATTACHMENTS "A" AND "B"

A. As used herein, "Seidel" refers to Defendant John Seidel (SS# 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, DOB 04/15/55) and all others acting for and/or on his behalf.

B. As used herein, "Mattern" refers to Plaintiff Mattern & Associates, LLC.

C. As used herein, "Stewart" refers to Stewart Business Systems, its officers, directors, employees, representatives, agents, independent contractors, and all others acting for and/or on its behalf.

D. As used herein, "documents" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including without limitation any and all originals (and copies of originals which are not identical to the originals by reason of any notation made on such copies or otherwise), copies of originals where originals are not available for production and drafts of any or all of the following: correspondence, memoranda, notes, electronic mail, computer records, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office communications, telephone calls, meetings, communications, printed matter, invoices, worksheets, transcripts and written materials of every kind and nature whatsoever, and all tapes, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and graphical or aural records or representations of any kind and nature whatsoever, along with any electronic, mechanical or electric recordings or representations of every kind and nature whatsoever.

## ATTACHMENT "A"

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Stewart is required to designate a representative to appear at a deposition to testify on the following matters related to Seidel and/or any reasonably available knowledge regarding the same:

1. The recruitment, application and hiring process which resulted in Seidel's employment with Stewart.

2. Seidel's employment with Stewart, including his position, title, duties and responsibilities.

3. Any and all services performed by Seidel for customers on behalf of Stewart.

4. Any and all prospecting activity engaged in by Seidel on behalf of Stewart.

5. Any and all communications, solicitations, or any other contact, for, or on behalf of Stewart, with customers or prospective customers.

6. Any all customer information or business information, that was provided by Seidel to Stewart or was used by Seidel in furtherance of his job duties with Stewart.

## ATTACHMENT "B"

## DOCUMENTS REQUESTED

1. Any and all recruitment files, interview files, assessment files, hiring documents, memos, recommendations, or other documents of any kind related to the recruitment, hiring or assessment of Seidel by Stewart.

2. Any and all other documents, including, without limitation, employment contracts or agreements, pertaining to Seidel's employment with Stewart, including, but not limited to, documents concerning Seidel's duties, responsibilities, position and title.

3. Any and all documents pertaining to services performed by Seidel for, or on behalf of, Stewart, including, but not limited to, documents concerning what the services were, and the customers or prospective customers for whom said services were performed.

4. Any and all correspondence to, from or concerning Seidel, including, without limitation, all such correspondence pertaining to any all services performed by Seidel for, or on behalf of, Stewart.

5. Any and all documents constituting, evidencing or pertaining to any customer information or business information that was provided by Seidel to Stewart or was used by Seidel in furtherance of his job duties with Stewart (this request does not include business or customer information that was provided by Stewart to Seidel independently from any information Seidel provided to Stewart).

6. All documents evidencing or reflecting any and all contacts or communications between Seidel and any customers or prospective customers regarding the possibility of doing business with Stewart, including, but not limited to, announcements, letters (including computerized text of any letters which were prepared), sales literature, e-mails, pager messages, phone messages, correspondence, inquiries, and any notes and documents reflecting or evidencing any meetings or telephone communications between Seidel and customers or prospective customers.

## CERTIFICATE OF SERVICE

I, Kevin A. Guerke, III, Esquire, hereby certify that on this 2nd day of January 2007, I electronically filed the foregoing *Notice of Issuance of Non-Party Subpoena* with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record and also upon the following by facsimile to:

>Paul A. Wernle, Jr., Esquire
>Law Office of Paul A. Wernle
>92 Read's Way, Suite 106
>New Castle Corporate Commons
>New Castle, DE  19720

/s/ Kevin A. Guerke
_____
Kevin A. Guerke (ID No. 4096)
kguerke@svglaw.com

57298 v1