IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTERN & ASSOCIATES, L.L.C., | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | C.A. No. 1:06-CV-36 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN SEIDEL, | ) | |
| | ) | |
| Defendant and Third Party Plaintiff. | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT MATTERN, | ) | |
| ABC ENTITIES 1-50, and | ) | |
| J. Does 1-50, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**I. INTRODUCTION**

Plaintiff Mattern & Associates, LLC ("M&A"), files this Memorandum of Law in Support of it Motion for Leave to Amend the Complaint. Plaintiff seeks leave to amend its Complaint so that it may plead additional facts learned during discovery and assert an additional cause of action under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001 *et seq.* Because justice requires that Plaintiff be able present its best case to this Court and because Defendant John Seidel will not be prejudiced by the filing of *Plaintiff's First Amended Complaint*, Plaintiff's motion should be granted.

## II. FACTS

On December 16, 2005, Plaintiff M&A filed a Complaint against Defendant John Seidel ("Seidel") in the Court of Chancery of the State of Delaware in and for New Castle County. On January 18, 2006 Defendant Seidel removed the case to this Court. On June 2, 2006, Seidel filed an *Answer, Third Party Complaint and Counterclaim.* Seidel then filed an *Amended Counterclaim and Amended Third Party Complaint* on July 10, 2006.

The parties have since engaged in factual discovery, which concluded on February 28, 2007. Through discovery, M&A has learned additional facts that support its current claims against Seidel and has determined that it has a viable claim against Seidel for Misappropriation of Trade Secrets under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001 *et seq.*

M&A's claim for Misappropriation of Trade Secrets is based on the same set of operative facts as its other claims against Seidel, and therefore, additional discovery will likely not be necessary. Even if additional discovery were necessary, this case is not currently scheduled for trial, so there will be no need to postpone the trial of this matter.

## III. ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if twenty days since the service of an original pleading have expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" Despite M&A's request for Seidel's consent, it has not been granted. As a result, M&A seeks leave of the Court to amend its Complaint and submits that justice so requires.

Rule 15(a)'s directive that leave *shall be freely given* is intended to facilitate a proper decision on the merits by allowing parties to have an opportunity to present their best case based

on claims and defenses that may have become apparent only after the pleadings were originally filed. *Butcher and Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D. Del. 1984) (citing *Conley v. Gibson,* 355 U.S. 41, 48, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957)). There is a general presumption in favor of allowing a party to amend pleadings and courts have shown a strong liberality in allowing amendments. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d. Cir. 1984) (citing *Heyl & Pattersen Intern. v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d. Cir. 1981) cert. denied, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed. 136 (1982) and *Foman v. Davis*, 371 U.S. 178, 182, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962)). The commentaries on Rule 15 support not only the liberal interpretation of this rule, but specifically address the liberal use of Rule 15 to amend complaints so as to state additional causes of action. *Id.* (citing Wright and Miller, *Federal Practice & Procedure* § 1474). Relying on the principles stated above, the *Boileau* court found that the trial court abused its discretion by denying an amendment to the complaint in that case. *Id.* at 939.

   These principles also were applied by this Court in *Butcher and Singer*. While the facts of the instant case are much more compelling in favor of granting leave to amend, the *Butcher and Singer* case is very instructive. In *Butcher and Singer*, the defendant sought leave to amend its answer to assert an affirmative defense almost one year after the commencement of the action and seven months after the completion of discovery. *Butcher and Singer*, 105 F.R.D. at 451. The defendant offered no excuse for the delay other than belated discovery of a factual basis for the defense. *Id.* At the time of the court's decision on defendant's motion, the pretrial was set to begin in three days and the trial in just over two months. *Id.*

   The *Butcher and Singer* court recognized that it must balance the overriding interest in achieving a decision on the merits with the potential for prejudice to the nonmoving party. *Id.* at

452.  The court then found that although the defendant did not identify its defenses as diligently as it might have, the delay was not undue.  *Id.*  The court further held that undue delay, without corresponding prejudice or unfair disadvantage to the nonmoving party as a result of the amendment, is an inadequate basis for denying a party leave to amend.  *Id.*  The nonmoving party must specifically show that it was "deprived of the opportunity to present facts or evidence which it would have offered" had the moving party's amended pleading been timely filed.  *Id.* at 453 (quoting *Heyl & Pattersen Intern. v. F.D. Rich Housing,* 663 F.2d 419, 426 (3d. Cir. 1981) cert. denied, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed. 136 (1982)).

The court granted defendant's motion for leave to amend finding that amendment would not prejudice the plaintiff.  *Id.*  The court found that while the amendment raises a new theory, it did not introduce unforeseen issues and did not necessitate use of witnesses who had not already been deposed.  *Id.*  The court therefore found that that the amendment would likely not lead to additional discovery or postponement of the trial, which was just over two months away.  *Id.*  The court held, however, that "any delay occasioned by permitting this amendment will be insignificant when measured against the Court's interest in seeing a proper decision on the merits."  *Id*.

The facts of the instant case dictate the same result as in *Butcher and Singer*.  In this matter, there has not been an undue delay in filing Plaintiff's *Motion for Leave to Amend its Complaint*.  Discovery just recently closed on February 28, 2007 and some of the facts set forth in *Plaintiff's First Amended Complaint* were discovered during a deposition that took place within the month of February.  Furthermore, Plaintiff's new cause of action for misappropriation of trade secrets is based upon the same general set of operative facts as its previous causes of action, which were also based, in part, on Defendant Seidel's removal and use of Plaintiff's

confidential information. As a result, no additional discovery should be necessary and no delay caused. However, even if additional discovery is necessary the instant matter is not currently set for trial and therefore there will be no delay in the ultimate resolution of the case. Finally, even if granting Plaintiff's motion could somehow cause delay, Plaintiff submits that, as this Court found in *Butcher and Singer,* "any delay occasioned by permitting this amendment will be insignificant when measured against the Court's interest in seeing a proper decision on the merits."

### IV. CONCLUSION

Fed R. Civ. P. 15(a) dictates that leave to amend shall be freely granted when justice so requires. In this matter, justice requires that Plaintiff be able present its best case to this Court and therefore amend its Complaint to include additional facts and an additional cause of action under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001 *et seq.* Further, amendment of the Complaint should not necessitate additional discovery, and even if it does, will not cause delay as this case is not currently set for trial. As such, Defendant Seidel cannot claim that amendment of the Complaint will prejudice him. For all these reasons, Plaintiff respectfully requests that the court grant its *Motion for Leave to Amend its Complaint* and accept *Plaintiff's First Amended Complaint* (attached to Plaintiff's Motion as Exhibit "1") for filing.

          SEITZ, VAN OGTROP & GREEN, P.A.

          /s/ *Kevin A. Guerke*

By: _____
George H. Seitz, III, ID #667
Kevin A. Guerke, ID #4096
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

\- and -

Imogene E. Hughes, Esquire
Andrew Shapren, Esquire
Rubin, Fortunato & Harbison P.C.
10 S. Leopard Road
Paoli, PA 19301

Attorneys for Plaintiff and Counterclaim Defendant.

DATED: March 21, 2007

**CERTIFICATE OF SERVICE**

I, Kevin A. Guerke, Esquire, hereby certify that on this 21st day of March 2007, I electronically filed the foregoing *Plaintiff's Memorandum of Law In Support of Its Motion for Leave to Amend the Complaint* with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record and also upon the following by first class mail to:

>Paul A. Wernle, Jr., Esquire
>Law Office of Paul A. Wernle
>92 Read's Way, Suite 106
>New Castle Corporate Commons
>New Castle, DE  19720

>/s/ *Kevin A. Guerke*
>_____
>Kevin A. Guerke (ID No. 4096)
>kguerke@svglaw.com