IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, L.L.C., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-036-*** |
| JOHN SEIDEL, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **28th** day of **June, 2007**.

Plaintiff, Mattern & Associates, L.L.C. ("M&A") moves for leave to amend its complaint to add Count IV, allegations of misappropriation of trade secrets under the Delaware Uniform Trade Secrets Act at 6 *Del. C. et. seq.*, which is opposed by defendant, John Seidel ("Seidel"). See D.I. 57, 61. Proposed Count IV contends that Seidel misappropriated confidential trade secret information, including M&A's customers, prospects, methods, systems and operations. As part of its initial breach of contract claim, M&A alleged that Seidel possessed and/or continued to use privilege information belonging to M&A, which included trade secrets, databases, customer list, requests for proposals and their templates, workflow analysis, benchmark data, cost recovery systems and the "Mattern Method®." In support of its motion to amend, M&A argues that the misappropriation of trade secrets claims is based on the "same set of operative facts as its other claims . . . and, therefore additional discovery will likely not be necessary." D.I. 57 at ¶ 6.

In December 2005, M&A originally filed this breach of contract and breach of the fiduciary duties of good faith, loyalty and fair dealing in the Court of Chancery of the State of Delaware, which Seidel removed to this court on January 18, 2006. Shortly thereafter, Seidel moved to have the matter transferred to the District Court for Eastern District of Pennsylvania, which was denied on May 11, 2006. See D.I. 2, 14. Seidel's answer, third party complaint against Robert Mattern, ABC entities and John Does and counterclaim was filed on June 2, 2006. Seidel subsequently amended his counterclaim and third party complaint on July 10, 2006. Seidel in his counterclaim and third party action demands damages in the form of unpaid wages and commissions, liquidated damages under Pennsylvania or Delaware law and attorneys' fees and costs. Further, in his answer in defense to M&A's complaint, Seidel asserts at paragraph 13 that "Plaintiff does not have a legitimate basis to claim proprietary information as it took few or no steps to protect any such alleged information." D.I. 19.

In his opposition to M&A's motion, Seidel maintains that M&A's delay of five and one-half months to file its motion to amend which was due under the Scheduling Order by October 2006 is inexcusable and results in prejudice without truly expressing how he is or would be prejudiced. Seidel argues that since discovery is now closed and was based on the pleadings as originally framed by M&A, if the motion to amend is granted that M&A should bear the additional expense and attorneys' fees incurred by Seidel for any additional deposition testimony from M&A's representative.

**Discussion:**

Rule 15(a) of the Federal Rules of Civil Procedure controls amendments to pleadings and specifically provides that leave by the court "shall be freely given when

justice so requires." Delay alone is insufficient to deny a motion to amend: rather, a showing of undue prejudice or unfair disadvantage to the non-moving party is required. *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D. Del. 1984). As a result, a strong presumption exists to allow amendments, and court are encouraged to grant such requests . *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir. 1984).

In the *Butcher & Singer* matter, defendant sought to amend its answer to assert an affirmative defense about a year after the action was filed and more than seven months after completion of discovery. The excuse proffered for the delay was belated discovery of a factual basis for the proposed defense. In granting the motion, the court determined that while the amendment raised a new theory, the non-moving party was obligated to specifically demonstrate that it was "deprived of the opportunity to present facts or evidence which it would have offered" had the amended pleading been timely filed. 105 F.R.D. at 453. The court also found that neither unforseen issues nor the use of witnesses not previously deposed would likely occur. *Id*. *Butcher & Singer* recognizes the balancing of two interests: the importance of a decision on the merits versus the prejudice to the nonmoving party.

Comparing the original complaint to the proposed amended complaint, it is apparent that the issues involved are discrete and focus on the limited relationship between the parties in time and events and are in part based upon an agreement. Some notice of the facts involved in proposed Count IV is evident in the initial filing. As noted previously herein, the only "prejudice" suggested by Seidel is the possible need to re-depose the designated representative of M&A and the expenses and fees

associated with that deposition, which is not a showing of the prejudice required under *Foman*, *Butcher & Singer* and Rule 15(a). Should that need truly exist, in light of the status of this case with no pretrial or trial date looming in the near future, the court would re-open discovery for the limited purpose of addressing discovery on Count IV.[1] Therefore,

      IT IS ORDERED that M&A's motion to amend the complaint (D.I. 57) is GRANTED. The first amended complaint shall be filed on or before July 9, 2007 with the answer due on or before July 24, 2007.

      /s/ Mary Pat Thynge
      UNITED STATES MAGISTRATE JUDGE

---

[1] In making that comment, the court does not intend to re-open discovery in its entirety, nor does the comment constitute a finding that either party is entitled to fees and costs from the other for such discovery.