IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTERN & ASSOCIATES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-36-SLR |
| ) | |
| JOHN SEIDEL, ) | |
| ) | |
| Defendant and Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT MATTERN, et al., ) | |
| ) | |
| Third-Party Defendants ) | |

**MEMORANDUM ORDER**

At Wilmington this 17th day of October, 2008, having reviewed plaintiff Mattern & Associates, L.L.C. and third-party defendant Robert Mattern's (collectively, "Mattern") motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 78) is denied, for the reasons that follow:

1. **Background.** Mattern is a Pennsylvania limited liability corporation having its principal place of business in Delaware. (D.I. 63 at ¶ 2) Mattern employed John Seidel ("Seidel") from June 1, 2001, to April 11, 2005. (*Id.* at ¶ 4) On July 1, 2003, Seidel and Mattern entered into an agreement making Seidel a member of Mattern ("the LLC Agreement"). (D.I. 63 at ex. A) The LLC Agreement provided, in pertinent part, that Mattern would pay Seidel for serving as "Vice President – Business Development" and

that the contract would be "construed and enforced in accordance with, and governed by, the laws of the Commonwealth of Pennsylvania." (*Id.* at ex. A, §§ 4.7(b), 15.5)

2. On January 18, 2006, Mattern sued Seidel, asserting causes of action for breach of the LLC Agreement and breach of the fiduciary duties of good faith, loyalty, and fair dealing. (*Id.* at ¶ 1) On July 10, 2006, Seidel countersued, asserting, *inter alia*, a claim under Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq. (the "PWPCL"), alleging that Mattern has failed to pay him more than $100,000 for services rendered under the LLC Agreement . (D.I. 19 at 6, ¶¶ 7-8) Seidel also asserted, in the alternative to his PWPCL claim, a claim under 19 Del. C. § 1101 et seq (the "Delaware wage claim". (D.I. 19 at 6, ¶¶ 10-11)

3. **Analysis.** Mattern argues that the court should dismiss both the PWPCL claim and the Delaware wage claim. The PWPCL claim is proper, however. Where an employee sues his Pennsylvania employer concerning wages under an employment agreement that requires, *inter alia*, the use of Pennsylvania law, the employee may sue pursuant to the PWPCL, regardless of whether the employee lives or works in Pennsylvania. *See Crites v. Hoogovens Tech. Serv., Inc.*, 2000 WL 356696, \*\*458 (Pa. Com. Pl. 2000). This is so, the *Crites* court reasons, because a primary purpose of the PWPCL "is to allow for the punishment of recalcitrant [Pennsylvania] employers and thereby to provide a powerful disincentive to any [Pennsylvania] employer's temptation to fail to pay wages rightfully due an employee." *Id.* at \*\*455.

4. Mattern is a Pennsylvania corporation, and the LLC Agreement underlying Seidel's PWPCL claim is governed by Pennsylvania law. In addition, Seidel was a

2

Mattern employee at least insofar as he functioned as vice president and was entitled to guaranteed compensation for service in that role. Those guaranteed payments fit the PWPCL definition of "wages." See 43 P.S. § 260.2a (defining "wages" as including "all earnings of an employe [sic], regardless of whether determined on time, task, piece, commission or other method of calculation"). The PWPCL provides that "[a]ny employe [sic] . . . or party to whom any type of wages is payable may institute" a PWPCL action. 43 P.S. § 260.9a(a).

5. The statute of limitations for a PWPCL claim is three years. See id. at § 260.9a(g). Seidel's PWPCL claim accrued no earlier than April 11, 2005, and he brought the PWPCL claim on July 10, 2006. Thus, Seidel's PWPCL claim was timely.

6. **Conclusion.** Consistent with the foregoing analysis, the court concludes that Seidel's PWPCL claim is proper. The court concludes, therefore, that Seidel's Delaware wage claim, raised in the alternative, is dismissed as moot.

*[signature]*
United States District Judge